IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| ANTHONY J. DELAURENTIS and LISA A. DELAURENTIS, | : | BANKRUPTCY NO.: 5-03-bk-52437 |
| DEBTORS | : | |
| WILLIAM G. SCHWAB, Esq., Trustee for ANTHONY J. DELAURENTIS and LISA A. DELAURENTIS, | : | {**Nature of Proceeding**: Defendant's Motion for Reconsideration of Order Denying Motion to Set Aside Default Judgment (Doc. #20)} |
| PLAINTIFFS | : | |
| vs. | : | |
| M & T CREDIT CORPORATION, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-03-ap-50411** |

# OPINION[1]

Presently before the Court is a Motion to reconsider an earlier Order of this Court dated October 21, 2004, which denied a Motion of Defendant to set aside a default judgment. That Order was not entered on the docket or served until November 4, 2004. (See Doc. No. 19.) On November 16, 2004, twelve days after the docketing of the October 21, 2004 Order, the Defendant filed the instant Motion to reconsider. While the Defendant has not indicated in its motion or brief the procedural mechanism or statute used to invoke this Court's jurisdiction to hear this request for reconsideration, the Court will treat the Motion as one brought under Federal Rule of Bankruptcy Procedure 9023 (NEW TRIALS; AMENDMENT OF JUDGMENTS) because a motion that draws into question

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[m:\users\cathy\opinions\Delaurentis.wpd]

Case 5:03-ap-50411-JJT    Doc 25    Filed 03/07/05    Entered 03/07/05 15:51:51    Desc
Main Document    Page 1 of 2

the correctness of a judgment is considered to be a motion to alter or amend a judgment under Federal Rule of Civil Procedure 15(e)[2]. *In re 6 & 40 Investment Group, Inc.,* 752 F.2d 515, 515-16 (10th Cir. 1985), *quoting* C. Wright & A. Miller, Federal Practice and Procedure § 3950, at 364 fn. 7; Collier on Bankruptcy ¶ 9023.05 at p. 9023-6 (15th ed. rev.).

Under Federal Rule of Bankruptcy Procedure 9023, a motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment. Additionally, Federal Rule of Bankruptcy Procedure 9006(b)(2) provides that the court may not enlarge the time for taking actions under Rule 9023. Using the time computation provisions of Federal Rule of Bankruptcy Procedure 9006(a), the instant Motion to reconsider was filed twelve calendar days after the entry of the Order on the docket and, therefore, this Court has no choice but to deny the Motion to reconsider as untimely.[3]

An Order will follow.

Date: March 7, 2005

John J. Thomas, Bankruptcy Judge

(CMS)

*This electronic opinion is signed and filed on the same date.*

---

[2] Federal Rule of Bankruptcy Procedure 9023 makes applicable to cases under the Code, Rule 59 of the Federal Rules of Civil Procedure.

[3] Review of the instant Motion and memorandum filed in support do not contain any reference to the traditional reasons enumerated in Rule 9024 (RELIEF FROM JUDGMENT OR ORDER) that would compel this Court to apply Rule 60 of the Federal Rules of Civil Procedure as made applicable to cases under the Code by Federal Rule of Bankruptcy Procedure 9024.